Kenneth Austin **BARNETTE**, etc., et al., Plaintiffs,

v.

**E.R. SQUIBB & SONS, INC.**, et al., Defendants.

Civ. A. No. 87–14–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 22, 1987.

Howard I. Legum, Fine, Fine, Legum & Fine, Virginia Beach, Va., for plaintiff.

F. Bradford Stillman, Mary Jane Hall, McGuire, Woods Battle & Boothe, Norfolk, Va., Joseph L.S. St. Amant, McGuire, Woods Battle & Boothe, Richmond, Va., for defendants.

## ORDER

DOUMAR, District Judge.

In this personal injury suit, the plaintiff seeks to recover damage for the irrepara-

ble discoloration and structural damage to his teeth allegedly suffered when he was given Terramycin and Mysteclin F. Ped. Susp. (tetracycline) as a young child. The plaintiff, a Virginia resident, initially brought suit in state court against the prescribing physician, also a Virginia resident, and several pharmaceutical companies who are not Virginia residents for purposes of determining diversity jurisdiction. Upon the dismissal of the non-diverse individual defendant, the remaining defendants removed the case to federal court. Plaintiff sought to have the case remanded on the ground that the removal was untimely; this Court held that the removal was timely and denied the motion. The plaintiff then demanded a jury trial; the Court ruled that the demand was untimely and denied the motion. The case is now before the Court on defendants' motion for summary judgment. For the reasons stated below, the motion is hereby GRANTED.

Terramycin and Mysteclin F. Ped. Susp. (tetracycline) were prescribed for the plaintiff shortly after his birth in 1970 and again in 1972. Plaintiff alleged that his teeth were permanently discolored and structurally damaged by this medication. He seeks to hold the defendant manufacturers liable for this injury. Defendants have moved for summary judgment on the grounds that there is no genuine issue of material fact and that the manufacturers fulfilled their legal duty to the plaintiff. The Court agrees.

The motion was argued on June 11, 1987. The parties were in agreement that, under Virginia law, the manufacturer of a prescription drug has a duty to warn the physician or medical profession of its potential side effects, but that this duty does not extend to the patient. *Stanback v. Parke, Davis & Co.*, 502 F.Supp. 767, 770 (W.D. Va.1980), *aff'd,* 657 F.2d 642 (4th Cir.1981); *Pfizer, Inc. v. Jones,* 221 Va. 681, 272 S.E. 2d 43, 44–45 (Va.1980). The Fourth Circuit stated the applicable rule as follows:

> The restriction of the duty to warn to physicians alone in ethical drug cases stands as an exception to the general rule of manufacturers to warn ultimate consumers in products liability cases, but

it is a rule supported by sound policy considerations, as the Fifth Circuit made clear in *Reyes v. Wyeth Laboratories,* 498 F.2d 1264, 1276, *cert. denied,* 419 U.S. 1096, 95 S.Ct. 687, 42 L.Ed.2d 688 (1974):

> Prescription drugs are likely to be complex medicines, esoteric in formula and varied in effect. As a medical expert, the prescribing physician can take into account the propensities of the drug, as well as the susceptibilities of his patient. His is the task of weighing the benefits of any medication against its potential dangers. The choice he makes is an informed one, an individualized medical judgment bottomed on a knowledge of both patient and palliative. Pharmaceutical companies then, who must warn ultimate purchasers of dangers inherent in patent drugs sold over the conter, in selling prescription drugs are required to warn only the prescribing physician, who acts as a "learned intermediary" between manufacturer and consumer.

*Stanback v. Parke, Davis & Co.,* 657 F.2d 642, 644 n. 2.

The affidavits and exhibits submitted with defendant's summary judgment motion indicated that since 1963 both the Physician's Desk Reference (PDR) and the inserts packaged with these drugs have carried warnings that tooth discoloration was a possible side effect associated with the use of tetracycline in early childhood. Plaintiff did not dispute these facts, but contended that it was possible that the prescribing physician may have not received such a package insert. The plaintiff was unable to represent to the Court that this was the case, however. Nor was the plaintiff able to indicate in any way that the physician had not read the Physician's Desk Reference for the many years prior to 1970. In view of the factual evidence accompanying the defendants' motion, the Court finds that there is no genuine issue of material fact. In the Court's view, there is no factual issue that warrants proceeding to trial. Accordingly, defendants' motion for summary judgment is hereby

GRANTED, and judgment is entered for the defendants.

IT IS SO ORDERED.